IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Charles Harrison, #09856-002, | ) |
|                                 Plaintiff, | ) Civil Action No. 8:08-1003-HFF-BHH |
| v. | ) **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons, | ) **OF MAGISTRATE JUDGE** |
| and Dr. NFN Serronto,[1] | ) |
|                                 Defendants. | ) |

The plaintiff, a federal prisoner, brought this action alleging claims pursuant to *Bivens*[2] and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671, et seq. This matter is before the court on the defendants' motion to dismiss, or alternatively, for summary judgment. (Dkt. Entry # 16.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on March 28, 2008, seeking damages for alleged civil rights violations, medical malpractice, and negligence. On June 30, 2008, the

---

[1] It appears this defendant's last name is actually Serrano.

[2] *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

defendants filed motions to dismiss or, alternatively, for summary judgment.[3] By order filed July 1, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 29, 2008, the plaintiff filed a response opposing this motion.

## FACTS PRESENTED

The plaintiff is a federal inmate currently incarcerated at the Federal Medical Center in Devens, Massachusetts ("FMC-Devens"). He was previously incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI- Edgefield"), from August 30, 2001, to January 18, 2006, where the plaintiff alleges the incidents underlying his claims occurred.

The plaintiff alleges that the Federal Bureau of Prison ("BOP") and Dr. Serrano have caused him years of extreme pain, suffering, emotional trauma, and permanent injury. (Compl. ) Specifically, the plaintiff alleges he had a stroke after Dr. Serrano prescribed him high doses of Coumadin in April 2004. He is seeking four million dollars in damages.

## APPLICABLE LAW

---

[3]Because the matters outside of the complaint were considered, the defendants' motion has been treated as one for summary judgment. Fed.R.Civ.P. 12(b)("If, on a motion asserting the defense numbered (6) to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . .").

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific,

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

### 1. *Bivens* Claims

Since the plaintiff is a federal prisoner, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, (1971), which established a direct cause of action under the Constitution against federal officials for the violation of federal constitutional rights. *Bivens,* 403 U.S. at 397. A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *Farmer v. Brennan,* 511 U.S. 825 (1994).

#### A. Proper Defendants

The plaintiff's *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Thus, the *Bivens* claims against the BOP and Dr. Serrano, in his official capacity, are barred by the doctrine of sovereign immunity. However, sovereign immunity

does not bar damage actions against federal officials in their individual capacities for violation of an individual's constitutional rights. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1459 (internal citations omitted). Thus, to the extent defendant Dr. Serrano is being sued in his individual capacity under *Bivens*, the plaintiff's claims are not barred by the doctrine of sovereign immunity.

### B. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner,* 532 U.S. 731, 741 (2001). A *Bivens* action, like an action under § 1983, is subject to the exhaustion of administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth,*532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *Porter*, 534 U.S. at 524 (*citing Booth*, 532 U.S. at 741).

To fully exhaust a *Bivens* claim, a federal prisoner first must properly raise his grievance through all levels of the BOP's Administrative Remedy Program. 28 C.F.R. §§ 542.10, et seq. The grievance procedure is a multi-step process. The first step requires

the inmate to file a formal written complaint with the Warden of the prison on a Form BP-9. The inmate's complaint must be filed with the Warden *within twenty calendar days from the date of the offending event.* 28 C.F.R. § 542.14(a)(emphasis added). If the inmate is not satisfied with the Warden's response, the inmate may appeal (using a Form BP-10) to the Regional Director of the BOP within twenty (20) calendar days of the date the Warden signed the response. If the inmate remains dissatisfied with the response, thereafter, an inmate may appeal the Regional Office's response to the General Counsel of the Bureau by completing a Form BP-11 within thirty (30) calendar days of the date the Regional Director signed the response. 28 C.F.R. §§ 542.14 and 542.15. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. § 542.15(a). Thus, a claim has not been administratively exhausted until it has been filed with the General Counsel.

On May 1, 2006, the plaintiff filed an administrative remedy with the Warden at FMC-Devens regarding his medical care at FCI-Edgefield. (Defs.' Mem. Supp. Summ. J. Mot. Ex. #4.)  On June 20, 2006, the Warden responded and informed the plaintiff that his medical records did not indicate he was prescribed Coumadin at the time of his stroke. (*Id.* Ex. #8.)  On June 27, 2006, the plaintiff appealed the Warden's decision to the Northeast Regional Office.  (*Id.* Ex. #9.)  On August 17, 2006, the Northeast Regional Director responded and informed the plaintiff that his complaint was untimely and that he should have filed his administrative remedy with the Warden regarding the medical care he received at FCI-Edgefield sometime between April and May 2004.  (*Id.* Ex. #10.)  The

6

plaintiff did not appeal the Regional Director's response to the General Counsel. (*Id.* Ex.# 6.)

Here, the plaintiff has failed to exhaust his administrative remedies for his *Bivens* claims for several reasons. First, the plaintiff did not appeal the Regional Director's response to the General Counsel as required to fully exhaust his claim. Further, the plaintiff did not file his initial administrative remedy until late April of 2006, two years after the alleged medical malpractice occurred. In his memorandum opposing summary judgment and affidavit, the plaintiff avers that he did not know about his claim until April 2006 and that he filed his initial administrative remedy on April 10, 2006, "as soon as he was able and had discovered the cause of his injury." (Pl.'s Mme. Opp. Summ. J. Mot. at 6,; Pl.'s Aff. ¶ 3.)[4] However, the undersigned notes that the plaintiff filed an almost identical complaint alleging substantially the same claim against Dr. Serrano in January 2006. This action was dismissed on the ground that the plaintiff had failed to exhaust his administrative remedies.[5] As the plaintiff did not fully or timely exhaust his administrative remedies, his *Bivens* claims should be dismissed for failure to exhaust administrative remedies.

---

[4]The plaintiff also argues the continuous violation doctrine should be applied to the facts of this case. However, as discussed in more depth in the FTCA section of this report, this argument is without merit.

[5]This court may take judicial notice of another action. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties).

### C. Merits

Furthermore, because the plaintiff is alleging that the defendants were negligent or their actions constituted medical malpractice, his *Bivens* claims must fail. An assertion of merely negligent conduct is not enough to constitute an constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). Additionally, medical malpractice is not actionable under § 1983 or *Bivens*. *See Estelle v. Gamble,* 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Furthermore, neither § 1983 nor *Bivens* impose liability for violations of duties of care arising under state law. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-203 (1989). Thus, while the plaintiff can pursue a negligence claim under the FTCA, a claim of negligence is not actionable under *Bivens*. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); Therefore, the plaintiff's *Bivens* claims should be dismissed.

### 2. FTCA claims

#### A. Proper Defendants

The plaintiff also alleges negligence claims pursuant to the FTCA. Initially, the defendants contend the United States is the only proper defendant to any FTCA claim and thus, the defendants the BOP and Dr. Serrano should be dismissed and the United States

8

substituted. (Defs.' Mem. Supp. Summ. J. Mot. at 4.) The undersigned agrees. In a claim pursuant to 28 U.S.C. § 1346(b)(1), the only proper defendant is the United States.

### B. Exhaustion and Statute of Limitations

The plaintiff is alleging the negligence of government employees caused him to suffer a debilitating injury. The FTCA provides a limited waiver of sovereign immunity that enables parties that are injured by an agent of the United States to obtain relief.

A tort claim pursuant to FTCA accrues when plaintiff knows or reasonably should know of existence and cause of his injury. 28 U.S.C. § 2401(b). Before an inmate can bring a claim under the FTCA, the inmate must exhaust the administrative procedures specified at 28 C.F.R. §§ 14.1-14.11. The requirement of filing an administrative claim is jurisdictional and cannot be waived. *See Ahmed v. United States, et. al*, 30 F.3d 514, 516 (4th Cir.1994) (*citing Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986)). A claim is presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for monetary damages in a sum certain for injury to or loss of property, personal injury, or death." *Id.* (citing 28 C.F.R. § 14.29(a)). If the agency denies the inmate's claim, he may file suit in the District Court within six months of the mailing of the denial. 28 C.F.R. §14.9(a). Further, the FTCA requires that a claim be presented to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The statute of

9

limitations set out in § 2401(b) has been construed narrowly to require both 1) that an administrative claim be presented to the appropriate agency within two years of accrual of the claim and 2) that a complaint be filed in a district court within six months after final notice of denial from the agency.

On May 1, 2006, the plaintiff filed an administrative remedy with the Warden at FMC-Devens. (Id. Ex. # 4.)  In this request, the plaintiff clearly stated the actions of staff at FCI-Edgefield on April 23-24, 2004, caused him to suffer a stroke. *Id.*  Then, on August 31, 2006, the plaintiff filed a Form-95 with the BOP's Northeast Regional Office. (Defs.' Mem. Supp. Summ. J. Mot. Ex. # 2.)   In this claim, the plaintiff sought money damages of four million dollars ($4,000,000) for a personal injury he alleged he suffered on April 23-24, 2004, when medical staff allegedly prescribed him Coumadin.  He alleged that the Coumadin caused him to have a stroke.  The claim was rejected as untimely in a certified letter dated September 8, 2006, by the Northeast Regional Counsel.  (*Id.* Ex. # 3.)   The plaintiff was also informed that 28 U.S.C. § 2401(b) bars a tort claim against the United States if it is not presented within two years or an action is filed within six months after notice of a final agency's decision.  (*Id.*)

The plaintiff waited over a year after this first administrative tort claim was rejected before he submitted another tort claim to a different Regional Office.  (Defs.' Mem. Supp. Summ. J. Mot. Ex. #3.)   On October 30, 2007, the plaintiff submitted an administrative tort claim to the Southeast Regional Office alleging that on or about April 24, 2004, he

suffered a stroke as a result of an overdose of Coumadin administered to him by the defendant Dr. Serrano. (*Id.* Ex. #4.) On November 8, 2007, Southeast Regional Counsel rejected the plaintiff's claim as untimely. (*Id.* Ex. #5.) The plaintiff was again informed that his claim was time barred by 28 U.S.C. § 2401(b). (Defs.' Mem. Supp. Summ. J. Mot. Ex. #5.) Although he argued the "continuous treatment" doctrine should toll the statute of limitations, in a letter dated November 8, 2007, this theory was rejected by the Southeast Regional Counsel. (*Id.* Ex. #7.) The plaintiff did not file for reconsideration or appeal and almost five months later, he filed this action. (*Id.* Ex. #6.)

In his complaint, the plaintiff argues his claim is a "Continuous Wrong Violation" and thus the "Continuous Treatment Doctrine" should be applied. (Compl. at 4.) He argues that the statute of limitation should be tolled because his cause of action does not accrue until the tortuous treatment ends, which he alleges, has not ended yet. (*Id.* at 5.)

Under the continuous violation doctrine, "a federal cause of action based upon the defendant's continuing conduct is timely provided that the last act of that continuing conduct is within the period for the commencement of an action specified by the statute of limitations." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998). Several circuit courts have applied a continuing violations doctrine to accrual of a cause of action under the FTCA. *Cannon v. United States*, 338 F.3d 1183 (10th Cir.2003) (FTCA claims continue to accrue for a continuing tort as long as the tortious conduct continues, although plaintiff's recovery is limited to two-year period dating

back from when plaintiff's complaint was filed); *Schunk v. United States,* 783 F.Supp. 72, 82 (E.D.N.Y.1992) (under "continuous treatment" doctrine, medical malpractice statute of limitations may be tolled where plaintiff was under continuous care of same doctor or hospital during course of treatment).  However, the doctrine is designed to avoid the unfair application of the limitations doctrine where, because the patient was under the ongoing care of an allegedly-negligent physician, he or she may not have had reason to question the appropriateness or effectiveness of treatment received from the physician in whom the patient has placed their trust or to seek alternative medical or legal advice.  *Dundon v. United States*, 559 F.Supp. 469, 473 (E.D.N.Y.1983). Accordingly, courts consistently refuse to apply the doctrine where the patient has received care from a number of physicians or hospitals.  *Lazarini v. United States*, 898 F.Supp. 40 (D. Puerto Rico 1995) (course of medical treatment by separate individuals at Veterans Administration hospitals over forty years did not constitute "continuing tort" to toll accrual of limitations period), aff'd, 89 F.3d 823 (1st Cir.1996); *Ciccarone v. United States*, 350 F.Supp. 554, 562-63 (E.D.Pa.1972) (same), aff'd, 486 F.2d 253 (3rd Cir.1973).

The claim alleged by the plaintiff is different.  The plaintiff  has not alleged any actions which would warrant the application of the "continuous treatment" doctrine. While the plaintiff may still not know the extent of the effects of his stroke, he alleges he suffered the stroke as a result of the actions of Dr. Serrano in April 2004.  *See Ocean Acres Ltd. P'ship v. Dare County Bd. of Health*, 707 F.2d 103, 106 (4th Cir.1983) ("A continuing

violation is occasioned by continual unlawful acts, not continual ill effects from an original violation."). Furthermore, and perhaps more importantly, the plaintiff himself admits in his response to the defendants' motion that "he knew he was injured on or about April 24, 2004, but he is an indigent prisoner without resources to medical and legal advice from the community." (Pl.'s Mem. Opp. Summ. J. Mot. at 4.) Clearly, the continuous treatment doctrine is inapplicable.

Additionally, the undersigned notes that the plaintiff now seems to be arguing that he was unable to act earlier due to the stroke and his incarceration. He states in his affidavit that he discovered the cause of his injury in early April 2006. (Pl.'s Aff. ¶ 3.0 However, as noted above, the plaintiff filed an action in January 2006, alleging substantially the same claims. In that action, he argued that he should not have to exhaust his administrative remedies because he was seeking only money damages. ((*Harrison v. Serronto,* C/A/ No. 8:06-266 -Compl.) On March 28, 2006, the District Court rejected this argument and dismissed the action because the plaintiff had failed to exhaust his administrative remedies. (*Harrison v. Serronto,* C/A/ No. 8:06-266 - Dkt. Entry # 11.)

The plaintiff also states that "his administrative remedies have been frustrated here at FMC Devens and that his claims should be allowed to proceed at least until the Defendants have responded." (*Id.* at ¶ 4.) In his memorandum opposing summary judgment, he states that in June 2006 the Warden at FMC-Devens made a false statement when he denied that the plaintiff was ever on Coumadin. (Pl.'s Mem. Opp. Summ. J. Mot.

13

at 6.)  It is undisputed that the Warden responded to the plaintiff's BP-9 claim and the plaintiff then appealed the denial of his claim to the Regional Office.  While the plaintiff may not have agreed with the Warden's decision, the undersigned fails to see how the plaintiff's administrative remedies were frustrated by the Warden at FMC-Devens.  The plaintiff's FTCA claims should be dismissed as the plaintiff failed to properly exhaust his administrative remedies and the claims are barred by the statute of limitations.  Alternatively, the plaintiff's FTCA claims fail on the merits as discussed below.

### C. Merits

Under the FTCA, federal courts are directed to determine liability based upon an analysis under state law.  Accordingly, the claims relating to care provided should be evaluated in accordance with South Carolina tort law.  In South Carolina, "[t]o establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Bloom v. Ravoira,* 529 S.E.2d 710, 712 (S.C. 2000).  "A determination of negligence, standing alone, is a far cry from a determination of liability.  Liability encompasses all elements of a negligence claim, including damages proximately caused by the alleged negligence." *Hinds v. Elms*, 595 S.E.2d 855, 857 (S.C. Ct. App. 2004).

In South Carolina, the burden of proof in a medical malpractice case is entirely upon the plaintiff.  *Dumont v. United States*, 80 F.Supp.2d 576, 581 (D.S.C. 2000).  In *Dumont,*

the court held that in order to establish liability in such a case, the plaintiff must prove the following by a preponderance of the evidence:

> (a) The recognized and generally accepted standards, practices, and procedures are in the community which would be exercised by competent physicians in the same speciality under similar circumstances;
>
> (b) that the physician or medical personnel negligently deviated from the generally accepted standards, practices, and procedures;
>
> (c) that such negligent deviation from the generally accepted standards, practices, and procedures was a proximate cause of the plaintiff's injury; and
>
> (d) that the plaintiff was injured.

The plaintiff must establish the standard of care, and the defendant's failure to conform to the required standard, by expert testimony, unless the subject matter is of common knowledge or experience so that no special learning is needed to evaluate the defendant's conduct. *Martasin v. Hilton Head Health System, L.P*., 613 S.E.2d 795 (S.C.App. 2005) (internal citation omitted). "In addition to proving the defendant negligent, the plaintiff must also prove that the defendant's negligence was a proximate cause of the plaintiff's injury." *Carver v. Med. Soc'y of S.C.*, 334 S.E.2d 125, 127 (S.C. Ct.App.1985).

Here, the plaintiff has not set forth any evidence, except for his own conclusory allegations, that the defendants failed to conform to a required standard or were negligent, and the plaintiff has failed to establish any causal link between the alleged negligence and his injuries. In short, the plaintiff has utterly failed in his burden of proof. Therefore, it is

recommended that the defendants be granted summary judgment with respect to the plaintiff's FTCA claims.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (# 16) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

November 3, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).