

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| CHARLES HARRISON,        § | |
| Plaintiff,    § | |
| § | |
| vs.        § | CIVIL ACTION NO. 8:08-1003-HFF-BHH |
| § | |
| FEDERAL BUREAU OF PRISONS and    § | |
| DR. NFN SERRANO,        § | |
| Defendants.    § | |

## ORDER

This case was filed as a *Bivens*[*] action and as an action for damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and Plaintiff's complaint be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

---

[*]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (providing cause of action under the Constitution against federal officials for violation of federal constitutional rights).

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 3, 2008, and the Clerk of Court entered Plaintiff's objections to the Report on November 17, 2008.

As to the Plaintiff's *Bivens* claim, the Magistrate Judge concluded that this claim was barred because Plaintiff failed to exhaust all of his administrative remedies as required by 42 U.S.C. § 1997e(a). Specifically, the Magistrate Judge concluded that Plaintiff failed to appeal the Regional Director's decision to the General Counsel for the Federal Bureau of Prisons. (Report 7.) As an alternative basis to support her recommendation, the Magistrate Judge also addressed the merits of Plaintiff's *Bivens* claim and concluded that it also failed on the merits. (Report 8.)

In his objections to this portion of the Report, Plaintiff quotes the response he received from the Regional Director: "In addition, you cannot receive monetary compensation for alleged inadequate medical care via BP-9. You may request money damages by submitting a claim to the Regional Counsel under the Federal Tort Claims Act." (Pl.'s Objections 2.) Plaintiff argues that he failed to appeal to the General Counsel of the Federal Bureau of Prisons because the Regional Director made it clear that he could not collect monetary damages through the BP-9 administrative process. (Pl.'s Objections 2.) Nonetheless, the Regional Director's response, included as Exhibit A to Plaintiff's Objections, clearly stated that "[i]f you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons [within 30 calendar days of this response]." Plaintiff admits that he did not appeal the decision. Therefore, his *Bivens* claim is barred because he failed to exhaust his administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 733 (2001) (noting that 42 U.S.C. §1997e(a) requires prisoner to exhaust "such administrative

2

remedies as are available" before suing over prison conditions and holding that inmate seeking only money damages must complete prison administrative process that could provide some sort of non-monetary relief on the complaint stated).

Regarding Plaintiff's FTCA claim, the Magistrate Judge concluded that the United States is the only proper defendant to a FTCA claim, and the Court agrees. *See e.g., Holmes v. Eddy*, 341 F.2d 477 (holding that federal agencies cannot be sued under the FTCA); *see also* 28 U.S.C. § 1346(b) (conferring jurisdiction on courts for tort claims "against the United States"). Plaintiff does not dispute this conclusion.

The Magistrate Judge further concluded that Plaintiff failed to exhaust his administrative remedies necessary to bring a FTCA claim and that such a claim was barred by the two-year statute of limitations for bringing tort claims against the United States. (Report 9-14.) Plaintiff does not object to the Magistrate Judge's determination that he failed to exhaust his administrative remedies. However, Plaintiff insists that his claim is not time-barred because the "continuous treatment doctrine" applies to toll the statute of limitations.

The Magistrate Judge determined that the continuous treatment doctrine argument is inapplicable to Plaintiff and the Court agrees. (Report 13.) The Magistrate Judge relied on a Fourth Circuit case which stated, "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Ocean Acres Ltd. Partnership v. Dare County Bd. of Health*, 707 F.2d 103, 106 (4th Cir. 1983). Plaintiff appears to agree with this legal principle because in his response he cited an Eighth Circuit case which noted that "a plaintiff's cause of action does not accrue until the tortious continuing treatment ends, even if the plaintiff is aware of the facts constituting negligence before that time." *Wehrman v. United States*, 830 F.2d 1480, 1483 (8th Cir.

1987). Although Plaintiff insists that he is still being treated for his injuries, he does not assert that he is still being treated negligently by prison doctors. In fact, the actual alleged negligent treatment appears to have ended in April 2004 when Plaintiff was prescribed the medication that allegedly caused his stroke. *See* Pl.'s Mem. in Opp. to Summ. J. Mot. at 4 ("Plaintiff admits that he knew he was injured on or about April 24, 2004, but he is an indigent prisoner without resources to medical and legal advice from the community."). Because Plaintiff filed his first administrative grievance in May 2006, the Court agrees with the Magistrate Judge that Plaintiff's FTCA claim is barred by the statute of limitations.

After carefully considering Plaintiff's remaining objections, the Court finds them to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment be **GRANTED** and Plaintiff's complaint be **DISMISSED** *with prejudice*.

**IT IS SO ORDERED**.

Signed this 30th day of December, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.